No. 114

PRICE v. KOBACKER FURNITURE CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1819. Decided Jan. 24, 1926

27. ACTIONS—Where the plaintiff in an action fails otherwise than upon the merits, and the time limit under 11233 GC. for a new action at the date of reversal or failure has expired, plaintiff has not the right to commence a new action a year after affirmance of the judgment of the trial court.

First Publication of this Opinion

WILLIAMS, J.

The action in the Lucas Common Pleas was one for libel and slander brought by Charles Price against the Kobacker Furniture Co. After plaintiff's second amended petition was filed, a motion of the company to strike certain matter therefrom was sustained. The

result was that little was left of that pleading but the prayer.

Plaintiff not desiring to plead further, a final judgment was entered in favor of the defendant. Error was prosecuted and the action of the court complained of was the striking of the matter referred to from the second amended petition. The Court of Appeals held:

1. The action of the court in striking out much of the matter was erroneous, but the error committed would n t be prejudicial to the plaintiff if the secor . amended petition did not state a cause of tion.

2. An action for libel and slander under 11225 GC. is barred by lapse of time unless brought within one year after the cause of action accrued. The petition shows on its face that the alleged slander and libel was uttered and published sometime in the month of May or June, 1924. The action below was started May 1, 1926.

3. The pleading does not state that the suit had been previously brought on the same cause of action by setting it up as a counterclaim and an action previously brought by the Company against Price; nor was there an allegation showing the time when the counterclaim was disposed of other than upon its merits in the Common Pleas Court; nor in any court except the Supreme Court.

4. Manifestly any disposition made of it by the Court of Appeals must have been a proceeding in error, which is a new action.

5. "In an action commenced - - if plaintiff fails otherwise than upon the merits and the time limited for the commencement of such action at the date of the reversal or failure has expired, the plaintiff - - may commence a new action within one year after such date - - - - - etc." This section (11233 GC.) has no application to a proceeding in error. 34 OS. 537.

6. The statute gives to one who obtains a judgment which is afterwards reversed, the right to begin a new action within a year from the time of reversal; but the statute does not give a right to a person who fails in the trial court otherwise than upon the merits, a year after the affirmance of the judgment of the trial court within which to start a new action.

7. As the petition showed upon its face that it was barred by the statute of limitations and there was no proper allegations therein to excuse the lapse of time, the petition was demurrable.

Judgment affirmed.

(Culbert & Richards, JJ., concur.)

Attorneys—Ritter & Brumback for Price; Tyler, McMahon, Smith & Wilson for Company; all of Toledo.